[No. 12826.   Department Two.   August 4, 1915.]

THE STATE OF WASHINGTON, *Respondent*, v.

LOUIS G. ENGSTROM, *Appellant.*[1]

CRIMINAL LAW—APPEAL—PRESERVATION OF GROUNDS—EXCEPTIONS TO INSTRUCTIONS. Error cannot be based upon the refusal or failure of the trial court to give an instruction on the subject of the testimony of an accomplice, where the record fails to show any exceptions called to the attention of the court at or before the motion for a new trial was heard.

CRIMINAL LAW — TRIAL — MISCONDUCT OF COUNSEL — ARGUMENT. Prejudicial error cannot be based on misconduct of state's counsel in argument to the jury which did not pass beyond the bounds of legitimate argument, and much of which was called out in reply to improper argument on the part of counsel for accused.

CRIMINAL LAW—EVIDENCE—ACCOMPLICES—CORROBORATION. A conviction may be sustained on the uncorroborated testimony of an accomplice, without any precautionary instruction, if none was requested.

APPEAL — STATEMENT OF FACTS — CERTIFICATE — SUPPLEMENTAL STATEMENT. A mandate to the trial court to correct or supplement its statement of facts, being discretionary, will not be issued where there is no reasonable certainty that the appellant is being denied any rights; as when it appears that the trial judge refused a supplemental statement as to the taking of alleged exceptions, on the ground that he did not so remember the facts, and that there was no record from which the truth could be ascertained; especially where there was lack of diligence in seeking the mandate.

Appeal from a judgment of the superior court for King county, Tallman, J., entered June 29, 1914, upon a trial and conviction of larceny. Affirmed.

[1]Reported in 150 Pac. 1173.

*Joseph M. Glasgow* and *Robert M. Waite,* for appellant.

*Alfred H. Lundin* and *Walter F. Meier (Thomas J. L. Kennedy* on the brief), for respondent.

FULLERTON, J.—Louis G. Engstrom was convicted of the larceny of a quantity of chocolate, and appeals from the sentence pronounced upon him.

At the time of the alleged theft, Engstrom was an employee of the Superior Candy & Cracker Company, a concern doing business in the city of Seattle. The principal witness against him at the trial was one Stern, a junk dealer, also doing business in the city of Seattle. Stern testified that, at various times, he had bought sacks and other forms of junk from the cracker company; that, at one of such times, he met Engstrom at the cracker company's place of business, and was informed by him that he had a certain quantity of chocolate for sale; that he made a deal with Engstrom by which Engstrom agreed to deliver to him, between six and seven o'clock on the next morning, at the alley door of the cracker company's place of business, three hundred pounds of chocolate; that he appeared there on the next morning at the time agreed upon, with an express wagon driven by its owner, received the chocolate, paid Engstrom the price agreed upon, and had the chocolate hauled to his warehouse. He testified further that he knew the chocolate had been stolen by Engstrom when he received it from him. His evidence is not clear whether he knew at that time from whom it had been stolen, although it appears that he made subsequent purchases from the same source, and learned at one of such times that all of it had been stolen by Engstrom from the cracker company.

Engstrom's counsel conceived that Stern had, by his testimony, shown himself to be an accomplice of Engstrom, and at the proper time, during the course of the trial, submitted an instruction based on that theory, which he requested the court to give to the jury. The court heard arguments on the request but, in so far as the record discloses, made no formal

ruling thereon. Nor did it, in its instruction to the jury, later give the requested instruction, or instruct the jury in its own language upon the subject-matter of the request.

The failure of the trial court to give the requested instruction, or to instruct the jury in its own language on the subject-matter of the request, constitutes one of the principal assignments of error in this court on the appeal. The appellant, however, is met with the objection that he cannot be heard in this court on the assignment because he did not take the proper exceptions to the refusal of the court to give his requested instruction, or proper exceptions to its refusal to instruct on the subject-matter requested. The objection seems to be well founded. The record is barren of any exception whatsoever, save that it appears that, at some time after the trial, the appellant filed with the clerk of the court certain written exceptions to the failure of the court to give the requested instruction, but it does not appear that these were called to the attention of the trial court at or before the motion for a new trial was heard. This we have held, in a long line of cases, will prevent a review by this court of any claim of error based thereon. *State v. Neis*, 74 Wash. 280, 133 Pac. 444, and cases there collected.

A second claim of error is based on the concluding argument of the state's counsel, made to the jury on the facts of the case at the conclusion of the court's instructions. But a careful reading of all that the record contains does not convince us that it passed the bounds of legitimate argument. Much that is complained of was said in answer to arguments used by the appellant's counsel, who seems not to have been sparing in the use of abuse and invective. When counsel indulges in this line of argument, he can hardly legitimately complain if the opposing counsel replies in kind.

It is complained, also, that the evidence is insufficient to justify a conviction. This complaint is founded on the contention that Stern was an accomplice of the appellant, that his testimony was uncorroborated, and that a conviction can-

not stand on the uncorroborated testimony of an accomplice. There is a discussion in the brief as to whether or not Stern was in fact an accomplice of the appellant, but seemingly the question is of little moment here. The evidence of an accomplice is regarded as untrustworthy because of the moral delinquency implied in the confessed dishonesty of the witness, and clearly there cannot be much difference in this regard between one who actually engages in theft and another who knowingly takes the fruits of the theft and traffics in it for his own profit. But it is not the rule in this state that a conviction cannot stand on the uncorroborated testimony of an accomplice. On the contrary, the rule is the other way. While we have held that the defendant is entitled to a cautionary instruction against a conviction on the uncorroborated testimony of an accomplice, if he requests it, we have uniformly held that such testimony is sufficient to sustain a conviction. *State v. Macleod*, 78 Wash. 175, 138 Pac. 648; *State v. Wappenstein*, 67 Wash. 502, 121 Pac. 989; *State v. Mallahan*, 66 Wash. 21, 118 Pac. 898; *State v. Dalton*, 65 Wash. 663, 118 Pac. 829; *State v. Stapp*, 65 Wash. 438, 118 Pac. 337; *State v. Jones*, 53 Wash. 142, 101 Pac. 708.

The appellant, realizing that the record might be adjudged insufficient to enable him to have reviewed the question relating to the failure to instruct, presented to the trial court a supplemental statement embodying the facts he conceived to be omitted from his original statement. The judge refused to certify to the proposed supplemental statement for the reason, as the minutes of the court recite, that he did not remember the facts as the applicant recited them, and that there was no record kept of the proceedings from which his memory could be refreshed. A short time prior to the hearing on the merits of the appeal, the appellant applied to a department of this court for a writ of mandamus directed to the judge of the lower court who presided at the trial, commanding him to show cause why he should not certify the supplemental transcript as directed. The department refused the

application, and the appellant renewed the application at the time appointed for the argument on the merits.

It is our opinion that the application must be denied. Conceding that the trial judge may supplement the statement of facts at any time before an appeal is heard, under § 391 of Rem. & Bal. Code (P. C. 81 § 689), and may be compelled to do so by a mandate issued out of this court (*State ex rel. Klein v. Superior Court*, 36 Wash. 44, 78 Pac. 137), it does not follow that the mandate must issue as of course upon application being made therefor. On the contrary, the issuance of the writ is discretionary, and before the court will direct its issuance it must appear with reasonable certainty that the appellant is being denied some right guaranteed him by the statutes relating to appeals. In this record it does not so appear. True, the appellant alleges in his application for the writ that he did take proper exceptions, but his application also shows that, when he made his application in the court below, it was denied on the ground that the judge did not so remember the facts, and that there was no record or other form of memoranda from which the truth could be ascertained. To determine the issue would, therefor, require a reference and hearing, with no reason to believe that any definite or certain result could be reached. The fault, moreover, that the record is in this condition is the appellant's. By the exercise of only ordinary diligence, he could have so far perfected the record as not to leave the matter in doubt. Again, the statute permits the record to be supplemented only at some time "before the appeal is heard." This application was made at the time the appeal was heard and some thirty days or more after the cause had been noted on the appeal calendar for such hearing. This utter lack of diligence does not appeal strongly for the exercise of power discretionary with the court.

For the foregoing reasons, we conclude that the application should be denied, and the judgment affirmed.

MORRIS, C. J., CROW, CHADWICK, and ELLIS, JJ., concur.