[No. 18041. Department Two. January 4, 1924.]

THE STATE OF WASHINGTON, *Respondent*, v. C. B. APLIN, *Appellant.*[1]

INTOXICATING LIQUORS (42)—INFORMATION—PREVIOUS CONVICTION OF DEFENDANT. In the prosecution of a second violation of the liquor laws, it is proper to allege in the information a prior conviction.

SAME (30, 50)—OFFENSES—UNLAWFUL POSSESSION—EVIDENCE—SUFFICIENCY. A conviction of unlawful possession of liquor is not sustained by proof that the accused was a roomer and boarder at premises which were leased to another, and that liquor was found buried under the floor and sill of a chicken house on the premises.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered September 19, 1921, upon a trial and conviction of the unlawful possession of intoxicating liquor. Reversed.

*J. W. Brooks,* for appellant.
*A. J. Gillis,* for respondent.

FULLERTON, J.—The appellant, Aplin, was convicted upon an information charging him with unlawfully

[1]Reported in 221 Pac. 989.

having in his possession intoxicating liquors, and with having been theretofore convicted of a similar offense.

In the court below, the appellant moved to strike from the information the allegation charging a prior conviction, and the order of the court denying the motion constitutes the first error assigned. The question, however, does not require discussion here. It was before us in the cases of *State v. Dericho,* 107 Wash. 468, 182 Pac. 597, and *State v. Emonds,* 107 Wash. 688, 182 Pac. 584, where we held contrary to the appellant's contentions, and we are satisfied with the rule as there announced.

The appellant also moved for a new trial, basing his motion on the insufficiency of the evidence to sustain a conviction. The trial court denied the motion, and its ruling in this behalf presents the serious question involved. The evidence on the part of the state was, in effect, this: A certain lot in the city of Walla Walla, on which there is a dwelling house, was owned by one Brooks. Brooks had leased the premises to a Mrs. Wright, who occupied it with her family, consisting of four minor children. The appellant was rooming in the house and boarding with Mrs. Wright, paying to her a consideration for the room and the board furnished him. On ,the evening of April 30, 1921, the sheriff of Walla Walla county procured a search warrant authorizing him to search the premises for intoxicating liquor. The sheriff, accompanied by two deputies, went to the house to make the search, reaching the place at some time between nine and ten o'clock at night. On reaching the house they gave an alarm at the door, which the appellant answered. The officers told the appellant who they were and what their purpose was in visiting the premises, and he let them into the house, when a search of it was made. The

officers did not find any intoxicating liquors in the house, and the search was continued into the yard surrounding it. At the northeast corner of the lot was a building used as a chicken house, and on searching this building the sheriff discovered a hole in the floor covered with straw near the lot line, in which hole he found a quart bottle of intoxicating liquor. Further search uncovered two similar bottles near the location of the first bottle, which had been placed under the sill of the chicken house which marked the boundary line of the lot. The seals upon the bottles had not been broken. The state offered no other evidence tending to show that the liquor was the property of, or was in the possession of, the appellant.

On the other side, the appellant denied that the liquor was his property, and denied having any knowledge concerning it. Mrs. Wright testified that, on the morning after the search, she examined the place where the liquor was found, both from the premises occupied by her and from the adjoining premises, and found that the floor of the adjoining building, which was used as a woodshed, had been disturbed near the place where the liquor was found; some of the boards of the floor being "torn up and loose."

It is our opinion that a verdict of guilty founded upon evidence as indirect as the evidence here is should not be permitted to stand. It is not necessary, of course, that the state show an actual personal possession of intoxicating liquors by the person accused in order to maintain a conviction. Possession may be actual or constructive, and one who has ownership of, or dominion and control over property, with the right to its actual possession, is deemed in law to have it in possession. So it would follow that one who deposits property in a place of concealment has legal

possession of it. But it seems to us that the evidence here falls far short of showing a possession of the liquor here in question by the appellant, either actual or constructive. That he had the actual possession of it, there is no showing at all; and that he had constructive possession of it rests upon the remote inference arising from the fact that he was a roomer and boarder at the house on the lot where the liquor was found and had an opportunity to place it there. But the opportunity was not the appellant's alone. Others had access to the place, and seemingly, as the record stands, there is no more reason to suspect that the liquor was in the possession of the appellant than there is to suspect that it was in the possession of Brooks, the owner of the property, or Mrs. Wright, its lessee, or perhaps the neighbors living on the adjoining property. It is true it was shown that the appellant had been convicted of having liquor in his possession at a prior time, but this, while proper to be considered as bearing upon his credibility as a witness, was not evidence tending to show his guilt of the crime here charged against him.

The judgment is reversed, and the cause remanded with instructions to discharge the defendant.

MAIN, C. J., MITCHELL, PEMBERTON, and BRIDGES, JJ., concur.