[No. 18680. Department One. January 8, 1925.]

THE STATE OF WASHINGTON, *Respondent*, v.
W. H. GODDARD, *Appellant*.[1]

CRIMINAL LAW (391)—APPEAL—PRESERVATION OF GROUNDS—EXCEPTIONS TO INSTRUCTIONS. Error cannot be predicated on the instructions given in the absence of any exceptions thereto.

INTOXICATING LIQUORS (30, 50)—OFFENSES—UNLAWFUL POSSESSION—EVIDENCE—SUFFICIENCY. The accused's possession of intoxicating liquor is a question for the jury, where it was found in a barrel buried on premises of which he was the owner and in possession, his statement at the time tended to establish his knowledge of the existence of the liquor, and he tried to empty the barrel.

Appeal from a judgment of the superior court for Whitman county, Miller, J., entered December 4, 1924, upon a trial and conviction of the unlawful possession of intoxicating liquor. Affirmed.

*Plummer, Zent & Lovell*, for appellant.

*W. L. LaFollette, Jr.*, and *S. R. Clegg*, for respondent.

PEMBERTON, J.—Appellant was found guilty by a jury of the crime of having intoxicating liquor in his possession, and from judgment and sentence upon the verdict, this appeal is taken.

[1]Reported in 231 Pac. 794.

On the 14th day of October, 1923, three deputy sheriffs called at the home of appellant, near Tekoa, Washington, and searched his buildings and premises. They found some empty barrels and jugs in the cellar containing the smell of liquor. In a field near the home they found a barrel containing liquor buried in the ground. At the time the barrel was being removed, one of the deputy sheriffs remarked that "The barrel feels like it is empty." The appellant replied: "Yes, you are too late this time, boys." Soon after the barrel was removed, the appellant tried to empty the liquor upon the ground, but a portion was saved, introduced into evidence, and shown to contain fifty-two per cent alcohol.

Appellant claims that the court erred in giving certain instructions to the jury. The record fails to disclose, however, that appellant excepted to the instructions given by the court, and these instructions will therefore not be reviewed. An error must be called to the attention of the trial court and an opportunity given to correct the error. *State v. Engstrom,* 86 Wash. 499, 150 Pac. 1173; *State v. Macleod,* 78 Wash. 175, 138 Pac. 648; *State v. Neis,* 74 Wash. 280, 133 Pac. 444; *State v. Andrews,* 71 Wash. 181, 127 Pac. 1102; *State v. Peeples,* 71 Wash. 451, 129 Pac. 108.

It is also the contention of the appellant that this barrel in question had been placed there by his enemies in order to bring about his arrest and punishment. This theory was supported by the testimony of appellant and two other witnesses. The jury by their verdict evidently found against this contention, and the truth of this defense was a question for the jury.

It is claimed that the testimony fails to connect appellant with the possession of the liquor further than to show that this barrel was buried upon his prem-

ises, and under the rule laid down in *State v. Aplin,* 128 Wash. 36, 221 Pac. 989, the evidence is insufficient to support the conviction.

Appellant was the owner of the premises, was residing in the house near where the liquor was found, empty barrels and kegs having the smell of liquor were found in his house, and at the time the barrel of liquor was discovered, appellant made a statement that might tend to lead the jury to believe that he had knowledge of the amount of liquor contained in the barrel, and thereafter endeavored to empty its contents. We are satisfied that the facts were sufficient to take the case to the jury, and this being true, we should not disturb the verdict upon the facts. *State v. Smith,* 95 Wash. 271, 163 Pac. 759; *State v. Newall,* 86 Wash. 75, 149 Pac. 324; *State v. Pacific American Fisheries,* 73 Wash. 37, 131 Pac. 452.

The case of *State v. Aplin, supra,* claimed by appellant to be similar to this case, in our judgment, is not supported when an investigation is made of that case. In that case the owner of the property had leased it to a Mrs. Wright, who occupied it with her family as her home, and Alpin was rooming and boarding with Mrs. Wright. The liquor was found under the chicken house and Aplin denied knowledge of it. There was nothing to indicate that he had knowledge of the presence of the liquor and he was not in charge of the premises. While in this case appellant was the owner and in charge of the premises, and the other facts and circumstances tend to connect him with the possession of the liquor.

The judgment will be affirmed.

MAIN, C. J., BRIDGES, TOLMAN, and MITCHELL, JJ., concur.