[No. 19457.   Department Two.   December 16, 1925.]

## THE STATE OF WASHINGTON, *Respondent,* v. NETTIE POTTER, *Appellant.*[1]

[1] INTOXICATING LIQUORS (30, 50)—ILLEGAL POSSESSION—EVIDENCE —SUFFICIENCY. A conviction of an innkeeper of the possession of intoxicating liquor is not sustained by evidence that officers found a bottle of whiskey in the phonograph in a public entry or sitting room, open to guests who rented rooms, the accused denying all knowledge of the liquor and there being nothing to connect her with it.

Appeal from a judgment of the superior court for Yakima county, Hawkins, J., entered December 8, 1924, upon a trial and conviction of the illegal possession of liquor. Reversed.

*Snively & Bounds,* for appellants.

*Sydney Livesey* and *G. A. Conklin,* for respondent.

MITCHELL, J.—Appellant challenges the sufficiency of the evidence to sustain a verdict of guilty of the crime of having intoxicating liquor in her possession. She raised the question at the trial by a motion for a

[1]Reported in 241 Pac. 668.

directed verdict. In our opinion the position is well taken.

The abstract of the evidence shows that the testimony on behalf of the state, considered most strongly for the prosecution, was as follows: Appellant was running the Palace Hotel, in the city of Yakima. It is a two story hotel and was the home of the appellant and her husband. One evening, a party of officers went to the hotel, and finding the front doors unlocked, entered and rang the call bell. Appellant had retired for the night, but in a short time appeared. The officer's account of the search was as follows:

"The hotel has a downstairs and an upstairs, both floors being used for hotel purposes and rooms rented to guests. In the downstairs are the kitchen and living room of Mrs. Potter and her husband, and the parlor or sitting room, apparently open to the guests of the hotel. The parlor is on the right hand side as you go in the door. In the parlor was a lounge, phonograph, rocking chairs and I think a center table, the parlor being the first door, and the next room being a sort of a bedroom, and, the one joining that I think is a kind of a kitchen and dining room. That, in searching the parlor or front room just referred to, I found about a pint of moonshine or liquor sitting back in the phonograph where the horn goes down; you reach in over the top. The phonograph was in the southwest corner of the front room or parlor. I also searched room four ·or fifty-four on the lower floor."

Upon cross-examination, he further testified:

"The telephone is also in the parlor where the phonograph is. The parlor was the reception room. I have been in there several times myself and talked to Mrs. Potter. That is the place where guests go when entering the hotel. It is open to guests of the hotel and everybody having business there."

This is not a case where the article, the possession of which is forbidden by law and which in this case was

small and easily transmissible from one person to another, was found in or under the structural portion of a building or unfrequented place on the premises; nor in a private residence, outbuilding or place of work, as many of the authorities on this subject discuss, but, on the contrary, it was discovered in an open piece of furniture in a public room, used and frequented by the guests of the hotel as well as the appellant and by their friends and acquaintances, and by strangers having business with such persons at any time. The doors of the hotel were unlocked at the time of the seizure.

[1] The rule that governs the case is an old and settled one. Greenleaf on Evidence (16th ed.), vol. 3, § 33, in discussing the subject of the unlawful possession of personal property, states the rule as follows:

"He can only be required to account for the possession of things which he actually and knowingly possessed; as, for example, where they are found upon his person, or in his private apartment, or in a place of which he kept the key. If they are found upon premises owned or occupied as well by others as himself, or in a place to which others have equal facility and right of access, there seems no good reason why he, rather than they, should be charged upon this evidence alone."

It was under this rule we reversed the judgment in the case of *State v. Alpin*, 128 Wash. 36, 221 Pac. 989. To the same effect, see *Boswell v. State*, 238 Pac. (Okl. Cr.) 215. Also, see Underhill on Criminal Evidence (2d ed.) § 300.

It is true, it was shown that, after appellant was arrested and prior to her taking any advice, she asked the prosecuting attorney's office if she could pay a small fine and keep the matter out of court; but, upon being advised by that office she could not do so except by pleading guilty, she refused to do so. It is made plain by the evidence that her purpose was to avoid, if possible, the notoriety and necessary expense of a

trial. She denied at all times knowledge and possession of the whiskey; and the two persons who, according to the state's theory, delivered it at the hotel in a box containing a small quantity of vegetables, upon being called to the witness stand by the state, positively denied delivering any whiskey or anything other than the vegetables.

Other assignments of error need not be discussed.

Reversed, and remanded with directions to discharge the appellant.

TOLMAN, C. J., MAIN, MACKINTOSH, and PARKER, JJ., concur.