[No. 20090.  Department One.  January 8, 1927.]

THE STATE OF WASHINGTON, *Respondent,* v. R. O.
WILSON, *Appellant,* E. RASKEY, *Defendant.*[1]

[1] INDICTMENT AND INFORMATION (38)—ACCESSORIES—SUFFICIENCY
OF ACCUSATION.  An information for obtaining property under
false pretenses, setting forth in full the false pretenses made
by R. and charging that W. aided, abetted, encouraged and
induced R. to make the same, without alleging that W. was
actually present, is sufficient under Rem. Comp. Stat., § 2007,
providing that no distinction shall exist between an accessory
and a principal and that all persons are guilty who aid or abet
in the commission of the offense though not present.

[2] FALSE PRETENSES (6) — INDICTMENT AND INFORMATION — REQUI-
SITES.  In an information charging the obtaining of prop-
erty by false pretenses, the additional allegation that accused
thereafter secreted and withheld the property without alleging
the place where it was held, may be regarded as surplusage.

Appeal from a judgment of the superior court for
Snohomish county, Alston, J., entered February 9,
1926, upon a trial and conviction of larceny.  Affirmed.

*Joseph H. Smith,* for appellant.

*C. T. Roscoe, John C. Richards,* and *Charles R.
Denney,* for respondent.

MITCHELL, J.—R. O. Wilson and E. Raskey were
charged by information, under Rem. Comp. Stat.,
§ 2601 [P. C. § 8944], with the crime of larceny by
obtaining from another the possession of a Ford sedan
by false pretenses.  There was a verdict of guilty
against both of them.  From a judgment and sentence
on the verdict, R. O. Wilson has prosecuted this appeal.

The information sets out with circumstantial detail
the ruse or false pretenses by E. Raskey in deceiving
the owner of the automobile and getting possession of

[1]Reported in 251 Pac. 859.

it. The information is entirely sufficient for that purpose. It then alleges that R. O. Wilson at that time and place did encourage, advise, induce, aid, abet and procure E. Raskey to wilfully and feloniously make false pretenses and get possession of the sedan.

[1] The first assignment is that appellant's demurrer to the information should not have been overruled. The argument is that it does not affirmatively appear from the information that the appellant was actually present at the time the false pretenses were made by E. Raskey. If it be assumed that the charge against the appellant consisted of conduct on his part prior to the success of the false pretenses made by E. Raskey and that the appellant was not personally present, that, of course, would charge appellant with being an accessory before the fact. Rem. Comp. Stat., § 2007 [P. C. § 9132], provides:

"No distinction shall exist between an accessory before the fact and a principal, or between principals in the first and second degree, and all persons concerned in the commission of an offense, whether they directly counsel the act constituting the offense, or counsel, aid and abet in its commission, though not present, shall hereafter be indicted, tried and punished as principals."

The statute is specific and certain. It is aimed at two classes of persons concerned in the commission of an offense. First, "Whether they *directly* counsel the act constituting the offense"; and second, "*or* counsel, aid and abet in its commission *though not present*". The charge against the appellant put him in the latter class, and it was not necessary to allege that he was personally present at the time E. Raskey made the false pretenses.

[2] It is further complained that the information "attempts to charge the secretion and withholding of

the automobile without alleging any venue or place of such secretion or withholding''. The information does allege that the defendants, having obtained the personal property, did unlawfully secrete and withhold and appropriate it to their own use. As a rule, that is what larcenists do. But that allegation does not invalidate the information. It is and will be considered as mere surplusage, or in the nature of pleading evidence admissible in proving the intent involved in a crime that is *malum in se*. The defendants had already appropriated the property to their own use by getting possession of it by false pretenses. The allegation was in no sense prejudicial to the appellant.

Lastly, it is contended that the evidence was insufficient to sustain a conviction. But we are satisfied the evidence was ample to justify the verdict, upon either confession of the appellant which was admitted in evidence, or evidence in the case wholly independent of that confession.

Affirmed.

TOLMAN, C. J., FULLERTON, MAIN, and HOLCOMB, JJ., concur.