[No. 21734.   Department One.   May 2, 1929.]

THE STATE OF WASHINGTON, *Respondent*, v. LOUIS
ADELSTEIN, *Appellant*.[1]

*Fred C. Brown,* for appellant.
*Ewing D. Colvin* and *R. L. Bartling,* for respondent.

FULLERTON, J.—The appellant Adelstein and four others were convicted in a justice's court of King county of the crime of manufacturing intoxicating liquors with the intent to sell the same. He, with one of the others, appealed from the judgment of conviction to the superior court of the county named, where the two were again tried and convicted. Adelstein alone appeals to this court.

The errors assigned, while several in number, can be reduced to two principal contentions: Insufficiency

[1]Reported in 277 Pac. 387.

of the evidence to support the judgment of conviction; and error in the instructions of the court.

■ The testimony against the appellant was principally that of persons who admitted that they were participants in the crime, and the contentions under the first head are that there was no corroboration of their testimony, and that the uncorroborated testimony of an accomplice is insufficient to support a conviction. But we think the appellant in error on both of these contentions. There was evidence tending to show that the appellant purchased a part of the machinery used in the construction of the manufacturing plant, and evidence that he furnished the money actually used in the installation of the plant. It is true, he offered an explanation of both of these transactions, which, if believed, would exonerate him from blame; but the explanations were not of such a convincing nature as to compel a belief in their truth, and it was for the triers of the facts to say whether they were believable or not.

■ But it is not the rule in this state that a person may not be convicted on the uncorroborated testimony of a witness who testifies to being an accomplice in the crime. In certain cases, we have refused to allow a conviction to stand on such testimony, but, as we pointed out in *State v. Stapp,* 65 Wash. 438, 118 Pac. 337, these were extreme cases, based upon the inherent nature of the testimony, not upon the principle that such testimony would not support a conviction in any case. See, as supporting the rule, as stated: *State v. Dalton,* 65 Wash. 663, 118 Pac. 829; *State v. Mallahan,* 66 Wash. 21, 118 Pac. 898; *State v. Wappenstein,* 67 Wash. 502, 121 Pac. 989; *State v. MacLeod,* 78 Wash. 175, 138 Pac. 648; *State v. Engstrom,* 86 Wash. 499, 150 Pac. 1173.

■ The claim of error arising out of the instruction of the court has its foundation in these circumstances: The appellant submitted and requested an instruction on the question of corroboration after the form set out in the case of *State v. Pearson,* 37 Wash. 405, 79 Pac. 985. The court declined to give the instruction as requested, but gave the following:

"You are instructed that one who assists another in the commission of a crime is an accomplice. The law permits an accomplice to give testimony on behalf of the state and a defendant may be convicted on the uncorroborated testimony of an accomplice where the honest judgment is satisfied beyond a reasonable doubt. Still, a jury should act upon such testimony with great care and caution and subject it to careful examination in the light of other evidence in the case. The jury should not convict upon such testimony alone unless after a careful examination of it they are satisfied beyond all reasonable doubt of its truth."

It is not the rule in this state that a requested instruction, even though unobjectionable in form and pertinent to the issue, must be given in the language of the request. On the contrary, a trial judge may instruct the jury in his own language, and the question always is whether he instructed them correctly and sufficiently upon the particular matter in hand. In this instance the trial judge fully complied with his duty in this respect. The instruction given states the governing rules tersely and succinctly, and in language not capable of being misunderstood. As a model it is more apt, we think, than the requested instruction.

The judgment is affirmed.

MITCHELL, C. J., TOLMAN, HOLCOMB, and BEALS, JJ., concur.