[No. 22253.   Department One.   July 22, 1930.]

THE STATE OF WASHINGTON, *Respondent*, v. ALICE
ALBRIGHT, *Appellant*.[1]

*Anderson & Richards,* for appellant.

*Charles R. Denney* and *C. W. Jordan,* for respondent.

MILLARD, J.—Alice Albright and L. S. Fowler were charged by information with the crime of unlawful possession of intoxicating liquor, with intent to sell the same.   The trial resulted in the acquittal of Fowler and verdict of guilty of simple possession of intoxicating liquor as to the other defendant.   From the judgment and sentence pronounced in accordance with the verdict, defendant Albright has appealed.

Quoting only the following portion of the testimony of one of the state's witnesses, the appellant contends that the court erred in not permitting cross-

[1]Reported in 290 Pac. 336.

examination of the witness to disclose the interest he had in a conviction, and the arrangements the witness had with the sheriff's office:

"Q. You were working under cover? A. Yes, sir. Q. What arrangements? MR. JORDAN: Objected to as incompetent and immaterial. THE COURT: Sustain the objection. Defendant excepts. MR. RICHARDS: His arrangements with the sheriff's office; I want to show that."

The assignment is without merit. The witness was permitted to answer fully, as shown by the following cross-examination.

"Q. What arrangements? MR. JORDAN: Objected to as incompetent and immaterial. THE COURT: Sustain the objection. Defendant excepts. MR. RICHARDS: His arrangements with the sheriff's office; I want to show that. THE COURT: I think that is immaterial. You can show how he gets his pay, if you want to, out of what fund— MR. RICHARDS: How is that? THE COURT: I say I would not sustain the objection to your finding out out of what fund, if any, he gets his pay. Q. How do you receive your pay? A. I get a check. Q. Out of what fund? A. It is marked out of the liquor fund. Q. So much on each conviction? MR. JORDAN: Objected to as incompetent and immaterial. THE COURT: I will let him answer. A. No sir. I get a salary of one hundred and fifty dollars a month. Q. And that is paid out of the liquor fund? A. To the best of my knowledge, it is. That is all."

It is next contended that the evidence is insufficient to sustain a conviction of unlawful possession of intoxicating liquor. A number of deputy sheriffs, authorized by search warrant which they served upon appellant, searched her home March 18, 1929. The officers discovered in a garage in the rear of the house, and on the same lot on which the house is situated, empty moonshine kegs, four gallons of moonshine whiskey, siphon hose, empty jugs, funnel and copper

tank. The contraband articles were concealed by a discarded bath tub, old curtains and old carpets, which the appellant admitted she had placed in the garage, but she disclaimed ownership of the whiskey, the containers, etc. In the bath room of the house, were found empty beer bottles, and in the kitchen, was an empty jar from which proceeded a liquor odor. At the time of the raid, L. S. Fowler was visiting the appellant. When informed by the officers that intoxicating liquor had been found on the premises, Fowler stated:

"Well, if you found any liquor around here, evidently it belongs to me, because I drink lots of liquor."

Fowler later explained that he thought a bottle had been found in the yard. He never used the garage, which appellant testified she had rented to some one who paid her for six months' rental thereof, the receipt for which was hanging in the garage; that her garage tenant was very quiet and seldom seen by her. She did not produce the receipt which she said was in the garage, nor did she call her garage tenant as a witness. A deputy sheriff testified that he purchased moonshine whiskey from the appellant at her home March 7, 1929, eleven days prior to the raid.

Appellant argues that Fowler admitted the liquor was his, and that Fowler and others had an opportunity to place the liquor in the garage; therefore, the mere finding of the moonshine in the garage is of itself insufficient to sustain the conviction. The garage was owned and controlled by the appellant, and was close to the house in which she resided. From such ownership and control, arises the presumption that the appellant had possession and control of the moonshine found in the building. The evidence that the moonshine was found in a building owned by appellant and near the house in which she lived, Fowler's statement

that the liquor was his, the appellant's explanation that the garage was rented, and the testimony that appellant, eleven days before the discovery of the intoxicants in the garage, sold moonshine whiskey to an officer, were presented to the triers of the facts—the jury. Whether the explanation given by the appellant was credible, was for the jury to decide; and that they did not believe the appellant's explanation, is reflected by the verdict.

" 'The liquor was found in a house in which the appellant had possession and over which he had control, and the presumption naturally and legally arises that he had possession and control of the things therein contained. The presumption is of course rebuttable, and undoubtedly was rebutted if the account given of the presence of the liquor in the house is to be taken as true. But manifestly it was for the jury, not the court, to say whether or not the account was true.'

"In cases of this character, defendants generally make some plausible explanation concerning the presence of the liquor found. It strikes us that the explanation made in this case is unusually satisfactory, but it was for the appellant to satisfy the jury, not us. We cannot, therefore, hold that there was no substantial testimony in support of the verdict." *State v. Wilson,* 130 Wash. 444, 227 Pac. 850.

"Whether the presumption from the ownership of the premises where the liquor or any of it was found was sufficiently rebutted, or whether the quantity was so negligible as to not be available for unlawful use, were questions of fact for the jury." *State v. Parent,* 123 Wash. 624, 212 Pac. 1061.

The verdict is sustained by ample evidence, and we do not find prejudicial error in the record; therefore the judgment is affirmed.

MITCHELL, C. J., PARKER, TOLMAN, and BEALS, JJ., concur.