[No. 22572. Department Two. November 17, 1931.]

THE STATE OF WASHINGTON, *Respondent,* v. J. W. SIMPSON, *Appellant.*[1]

*Gordon D. Eveland* and *A. E. Dailey,* for appellant.
*Charles R. Denney* and *C. W. Jordan,* for respondent.

BEALS, J.—Defendant J. W. Simpson and two others were charged with having possession of intoxicating liquor for the purpose of sale, defendant Simpson being also charged with a former conviction of the of-

[1]Reported in 5 P. (2d) 328.

fense of possession of intoxicating liquor. During the course of the trial, the court granted a motion to dismiss as to the two persons jointly charged with defendant, a similar motion interposed on behalf of defendant by his counsel having been overruled. Defendant was found guilty of unlawful possession, the verdict including a special finding to the effect that defendant had previously been convicted of a similar offense. From a judgment entered upon the verdict and sentence imposed thereon, defendant appeals.

Appellant fails to include in his brief formal assignments of error, but it appears that he complains of certain rulings of the trial court made during the progress of the trial, and also of the refusal of the trial court to grant his motion for a dismissal based upon alleged insufficiency of the evidence.

Prior to his arrest, appellant was conducting a resort, known as Eagle Falls Tavern, on the Stevens Pass highway, a short distance east of Index. Appellant was purchasing this land on contract, there being situated thereon a building known as the "Tavern," a shack in which appellant resided, and a few cabins standing at a distance back from the road. Appellant's nearest neighbor to the west resided at least a thousand feet away, the westerly boundary line of appellant's property being unmarked and the land being quite rough.

On the morning of the arrest, two deputy sheriffs came to appellant's land with a warrant authorizing a search of the premises. Different small caches of intoxicating liquor were found near the house, trails leading from the house to other caches where were found at one a quantity of beer, at another a considerable number of empty bottles. On the ground near the beer cache was found a spoon, which one of the deputy sheriffs testified was similar to other spoons

found in appellant's house. The state attempted to introduce in evidence the spoon and the empty bottles, but, on appellant's objection, the offers were refused. The liquor found was, however, admitted in evidence, over appellant's protest.

We find no merit in appellant's contention that the court committed reversible error in admitting testimony concerning the finding of the spoon and the empty bottles. The jury was properly instructed to disregard any testimony that the court had ordered stricken, and the record in regard to these matters is free from error.

Appellant also contends that the beer discovered by the officers was improperly received in evidence, arguing that the liquor was found nearer to the home of his neighbor than to his, and that the evidence showed that the cache was accessible by regular trails leading over unoccupied land from the county road. The other liquor, consisting of moonshine whiskey, was found hidden nearer to appellant's dwelling. Witnesses for the state testified that defined trails led from the buildings on appellant's property to the respective caches. Appellant denied all knowledge of the liquor, and contends that as matter of law the state's case should be held insufficient to support his conviction.

Under the rule laid down by this court in the cases of *State v. Heppell,* 149 Wash. 517, 271 Pac. 335, *State v. Wolfsen,* 154 Wash. 383, 282 Pac. 216, and *State v. Albright,* 157 Wash. 688, 290 Pac. 336, the evidence introduced on behalf of the state is sufficient to support appellant's conviction, the weight of the evidence having been for the jury to determine.

Appellant relies upon the cases of *State v. Aplin,* 128 Wash. 36, 221 Pac. 989, and *State v. Potter,* 137 Wash. 53, 241 Pac. 668. These cases are not in point,

the evidence in the case at bar bringing it within the rule of the authorities first above cited.

The finding of guilty is supported by competent evidence, and the judgment appealed from is affirmed.

TOLMAN, C. J., MAIN, HOLCOMB, and MILLARD, JJ., concur.