[No. 24952. Department One. March 27, 1935.]

THE STATE OF WASHINGTON, *Respondent*, v. AL DICKEY, *Appellant*.[1]

*H. Sylvester Garvin, Paul D. Coles,* and *George H. Crandell,* for appellant.

*Warren G. Magnuson* and *Paul Coughlin,* for respondent.

MAIN, J.—Jack Erwin, Al Dickey and George R. Gaffney were charged by information with the crime of robbery. To the information, Dickey demurred, moved for a bill of particulars, and asked for a separate trial, all of which were overruled. At the open-

[1]Reported in 42 P. (2d) 790.

ing of the trial, Erwin entered a plea of guilty. The trial resulted in a verdict of conviction as to the other defendants. From the judgment and sentence, Dickey alone appeals.

The information contains four counts, in the first of which the three parties named were charged as principals. In the second, third and fourth counts, Erwin and Gaffney were charged as principals, and Dickey as an aider and abettor. In each of these counts, the charge of the respective robberies was fully set out, and then at the conclusion of each count it was stated:

"The said defendant, Al Dickey, did then and there wilfully, unlawfully and feloniously aid, encourage, assist, advise, counsel and abet them, the said Jack Erwin and George R. Gaffney alias G. R. Griffin, and each of them, in the unlawful commission of said crime."

It will be observed that in not one of the three counts in which Dickey is charged as an aider and abettor is it stated specifically whether he was personally present or not. These three counts in the information were not defective because it was not specifically stated whether Dickey was personally present.

In the case of *State v. Wilson,* 142 Wash. 19, 251 Pac. 859, the information, so far as aiding and abetting are concerned, was substantially the same as the one now before us, and it was there held that the charging of one as an aider and abettor, without alleging that he was personally present, was sufficient. There is no substantial distinction between that case and the one now before us.

The cases of *State v. Gifford,* 19 Wash. 464, 53 Pac. 709, and *State v. Morgan,* 21 Wash. 355, 58 Pac. 215, are not in point, because in each of those cases there was no attempt to prove that the accused was guilty of the charge preferred against him.

In the case now before us, the appellant was specifically charged as an aider and abettor, which, we have seen, was sufficient, and he was convicted as such. The trial court did not err in overruling the demurrer to the information and refusing a bill of particulars. The evidence offered by the appellant upon the trial shows clearly that he was well aware of the exact charge that was made against him in the information.

It is next claimed that the appellant should have been given a separate trial. This was a matter that rested in the sound discretion of the trial court, and the ruling of that court will not be disturbed upon appeal in the absence of a distinct showing of an abuse of that discretion. *State v. Andrich,* 135 Wash. 609, 238 Pac. 638; *State v. Hurlbert,* 153 Wash. 60, 279 Pac. 123; *State v. Remick,* 156 Wash. 19, 286 Pac. 67.

It is said, however, that the rule is different where a confession of one of two or more accused is to be introduced in evidence. We shall not pause to determine whether there is any difference in such a case, under the decisions of this court, because in this case there was no introduction of a confession. Erwin, as stated, pleaded guilty at the opening of the trial, was called as a witness, and testified as any other witness. This evidence was not within what is claimed to be the rule in such a case. We express no opinion here upon whether the rule contended for is applicable in this state under our decisions. There is nothing in the record in this case which would indicate that the trial court in any manner abused its discretion in refusing a separate trial.

It is next contended that the court erred in permitting the introduction of a certified copy of a record of prior conviction in the Federal court. This record, as introduced, contained one count in the indictment and the judgment of the court. It is the count

in the indictment that is particularly objected to. Rem. Rev. Stat., § 2290 [P. C. § 8725], provides that every person convicted of crime shall be a competent witness in any civil or criminal proceeding, and his conviction may be proved for the purpose of affecting the weight of his testimony, "either by the record thereof, or a copy of such record duly authenticated by the legal custodian thereof, . . ." Section 2224 [P. C. § 9331], requires the clerk of the court to make a final record of all proceedings in a criminal prosecution, and specifies that this record shall include, among other things, a copy of the indictment or information. The indictment or information and the judgment of conviction are indispensable parts of the record. *People v. Novak,* 343 Ill. 355, 175 N. E. 551.

In *State v. Bezemer,* 169 Wash. 559, 14 P. (2d) 460, it is said:

"We have uniformly held, and categorically stated, that the record of conviction is admissible upon the question of credibility."

The case of *State v. Arnold,* 130 Wash. 370, 227 Pac. 505, has no application, because in that case there had not been a previous conviction of crime, but only a charge thereof.

There was no error in the admission of a certified copy of the record of conviction in the Federal court.

■ It is next contended that the court erred in refusing to give the appellant's requested instruction relative to the testimony of an accomplice. The court gave an instruction on the question of corroboration, which was approved in *State v. Adelstein,* 152 Wash. 65, 277 Pac. 387. The requested instruction in that case, which was not given, and the requested instruction in this case were the same as the one set out in the case of *State v. Pearson,* 37 Wash. 405, 79 Pac. 985,

where it was held that, no instruction having been given on the question of corroboration, either the requested instruction there set out or one substantially to the same effect should have been given. It was not held in the *Pearson* case, as pointed out in the later case of *State v. Jones*, 53 Wash. 142, 101 Pac. 708, that the instruction set out in the opinion in that case contained a hard and fast rule of law, and the form of it was not approved. The holding in the *Adelstein* case, *supra,* was adverse to the contention that appellant here makes. There was no error in the refusal to give the requested instruction.

Finally, it is contended that a new trial should be given because of alleged misconduct of the deputy prosecuting attorney in his closing argument. We find no merit in this contention, and shall not enter upon a discussion of it. There was nothing in the argument of the deputy prosecuting attorney which is subject to criticism.

The judgment will be affirmed.

MILLARD, C. J., TOLMAN, BEALS, and GERAGHTY, JJ., concur.