[No. 40071. Department One. October 2, 1969.]

THE STATE OF WASHINGTON, *Respondent*, v. JOYICE
ETHERIDGE, *Appellant*.*

*Hohlbein, Church, Sawyer & VanDerhoef,* by *Kenneth D. VanDerhoef,* for appellant.

*Charles O. Carroll* and *Thomas S. Wampold,* for respondent.

HAMILTON, J.—Jack and Joyice Etheridge were jointly charged, tried and convicted of grand larceny by check, the offense defined in RCW 9.54.010 and 9.54.090. Each was represented by individual counsel. Both separately appealed the respective judgments of conviction. Jack Etheridge's conviction and sentence was affirmed by opinion of this court in *State v. Etheridge,* 74 Wn.2d 102, 443 P.2d 536 (1968).

Joyice Etheridge, on her appeal, asks reconsideration of three assignments of error considered and passed upon in Jack Etheridge's appeal. These assignments relate to the denial of the defendants' pretrial motion to compel attendance of out-of-state witnesses, the admission of evidence elicited upon cross-examination concerning the issue of flight, and the refusal to submit a proposed instruction. We have again reviewed these particular assignments of error in the light of Joyice Etheridge's contentions and adhere to our prior disposition of them.

The remaining assignments of error challenge the sufficiency of the evidence to sustain Joyice Etheridge's conviction. The following facts are pertinent to this issue.

In late November, 1966, the Etheridges came to Seattle, Washington, from Florida. On December 6, 1966, Joyice

*Reported in 459 P.2d 395.

Etheridge opened a joint bank account under their respective names with the deposit of a $275 check drawn by her on a Virginia state bank, which deposit she supplemented on December 8 with a $250 cash deposit. The $275 check was later dishonored by the Virginia bank. In the meantime, and until the account was closed by the bank on December 28, checks in a total amount of $11,564.15 were drawn against the account. The bulk of these checks, if not all of them, were signed by Jack Etheridge; however, Joyice Etheridge participated, one way or another, in the transactions giving rise to the issuance of the principal checks, *i.e.:* approving, selecting, or accepting the property for which the checks were given and, on one occasion, delivering one of the checks in payment for the particular goods involved. She, nevertheless, disclaimed any knowledge of the inadequacy of the account.

The transaction giving rise to the instant charge commenced on December 12 when Jack Etheridge met with a salesman for the John Chapman Ford agency and observed that he was interested in purchasing a 1967 automobile for his wife as a Christmas present. Negotiations followed concerning the particular model desired and culminated on the evening of December 16, a Friday, when Joyice Etheridge appeared with Jack at the agency, approved the choice of a 1967 Ford station wagon, signed the purchase order, executed an application for a certificate of title in her name, and took delivery of the vehicle. At this time three checks, totaling $4,273.40, signed by Jack Etheridge, dated December 16, 1966, made out to John Chapman Ford, Inc., were given to the sales representative and the purchase order was marked "Paid in full". Although there is a dispute in the evidence as to the time sequence in which the three checks were to be deposited for collection, the jury could well have found that one of them, in the sum of $2,100, was to be so deposited on Monday, December 19. In any event, on the morning of December 19, the Etheridges had the new station wagon serviced and new license plates attached.

On December 21 the Etheridges left for the state of Montana. They traveled in separate cars, with Joyice Etheridge

driving the Ford station wagon upon which Florida license plates had been substituted for the new Washington plates. During the course of this trip gasoline and oil were procured through the use of credit cards issued to third persons. They were arrested in Great Falls, Montana, on January 28, 1967. None of the checks issued in payment of the station wagon had been honored on presentment.

On appeal Joyice Etheridge contends that the evidence is insufficient to show any more than an innocent assent on her part to the offense charged, since she did not sign any of the checks, disclaimed knowledge of the insufficiency of the account against which the checks were drawn, and testified that she relied upon the financial acumen of Jack Etheridge. Therefore, she argues, the state failed to show any overt act on her part which would constitute her an aider or abettor.

We find no merit in this contention. The facts outlined above, which are not in substantial dispute, fully warranted and justified the jury in finding: (a) knowledge on Joyice Etheridge's part of the insufficiency of the bank account and that it was being grossly overdrawn by the checks issued in payment for the station wagon; (b) affirmative participation in the automobile transaction, arising from her admitted selection of the model, presence at the culmination of the negotiations, signing of the purchase order, and execution of the title application; and (c) her intent to defraud, as evidenced by departure from the state with the automobile, during the course of which false license plates and a third person's credit card were used. Thus, the jury could well have concluded she knowingly acted in complete concert and complicity with her codefendant, Jack Etheridge. This, in turn amply satisfies the requirements of RCW 9.01.030.[1]

---

[1] "Every person concerned in the commission of a felony, gross misdemeanor or misdemeanor, whether he directly commits the act constituting the offense, or aids or abets in its commission, and whether present or absent; and every person who directly or indirectly counsels, encourages, hires, commands, induces or otherwise procures another to commit a felony, gross misdemeanor or misdemeanor, is a principal, and shall be proceeded against and punished as such. The fact that the person aided, abetted, counseled, encouraged, hired, commanded, induced or procured, could not or did not entertain a criminal intent, shall not be a defense to any person aiding, abetting, counseling, encouraging, hiring, commanding, inducing or procuring him."

*State v. Wilson,* 142 Wash. 19, 251 P. 859 (1927).

The judgment is affirmed.

HUNTER, C. J., FINLEY and McGOVERN, JJ., and JOHNSEN, J. Pro Tem., concur.

---

December 10, 1969. Petition for rehearing denied.