[No. 7777. Decided May 11, 1909.]

THE STATE OF WASHINGTON, *Respondent*, v. W. G. JONES, *Appellant*.[1]

WITNESSES—CROSS-EXAMINATION—CONVICTS—TRUE NAME OF WITNESSES—MATERIALITY. Upon cross-examination of a state's witness, who had been convicted as a participant in the crime under an assumed name and admitted perjury on his own trial, his true name is not material to the issue, and it is not an abuse of discretion to refuse to require him to state it, where accused had the full benefit of cross-examination.

LARCENY—MONEY—EVIDENCE—SUFFICIENCY. A conviction of larceny of United States money is sustained where a witness stated that he was familiar with United States money, that it was United

[1]Reported in 101 Pac. 708.

States currency, and looked like United States money, and described the denomination of the bills, although in an isolated answer on cross-examination he admitted it might have been Canadian money.

CRIMINAL LAW—TESTIMONY OF ACCOMPLICES—INSTRUCTIONS. It is not error in giving a correct instruction cautioning the jury against convicting upon the uncorroborated testimony of an accomplice, to refuse to instruct that in most cases the same is clearly insufficient and that the jury cannot convict thereon if the accomplice has testified differently at some other time.

Appeal from a judgment of the superior court for Kittitas county, Kauffman, J., entered May 5, 1908, upon a trial and conviction of the crime of grand larceny. Affirmed.

*Pruyn & Felkner*, for appellant.

*C. R. Hovey* and *H. W. Hale*, for respondent.

CHADWICK, J.—Appellant was convicted of the crime of grand larceny. One Judd Wilson had already been convicted of the same offense, and sentenced to the penitentiary. He was brought from the penitentiary and sworn as a witness for the state at the trial. When upon the witness stand, he was asked on cross-examination to give his true name, after he had admitted that "Judd Wilson" was an assumed name. An objection to this question was sustained; this is assigned as error.

No authorities are cited by counsel that in any way aid us in the determination of this question, nor have we been able to find any. It would seem, however, that it can be determined by reference to general principles. The conviction of appellant must depend upon the proof of certain physical facts to which the witness Wilson and other witnesses have testified. The name of the witness could not be material to prove or disprove any fact upon which conviction depends. It was at best collateral to the main inquiry, and, if material at all, could only go to the credibility of the witness. Its materiality and importance, though urged by counsel, are not pointed out. In order to reverse the case for this reason, we would have to presume prejudice resulting to ap-

pellant from the mere fact that the true name of the witness. was not disclosed. This we cannot do. Appellant had the full benefit of cross-examination. He showed that the witness was a convict; that he had been living under an assumed. name; that he had by his own admission confessed his perjury when testifying in his own behalf when tried for the same offense. Disclosure of his true name would have been of no benefit to the jury, and it was not an abuse of discretion on the part of the trial court to thus limit the cross-examination.

Appellant was charged with the theft of lawful money of the United States, whereas, on cross-examination, the prosecuting witness admitted that the money stolen might have been Canadian money. It is insisted that this brings this case within the rule of *State v. Phillips*, 27 Wash. 364, 67 Pac. 608. In that case it is said:

"The record has been carefully examined, and no further or more specific description of the money contained in the packages stolen can be gathered from the testimony."

It is not so here. Both on cross-examination and redirect. examination the witness testified that he was familiar with "United States money," and that "it was United States currency," and that "it looked like United States money." He also described the several denominations of the bills alleged to have been stolen. The weight to be given to this evidence was for the jury, and their findings cannot be disturbed by isolating one question and answer from the whole examination, or because the testimony on the whole was without qualification. *State v. Murphy*, 15 Wash. 98, 45 Pac. 729; *State v. Hill*, 45 Wash. 694, 89 Pac. 160.

The next error complained of is the refusal of the court to give the following instruction:

"The witness Judd Wilson, who has testified in this case, is an accomplice and an accomplice is one who is associated with others in the commission of crime, all being principals. Wilson has testified that he was associated with the defendant in stealing money mentioned in the information, and that, in law, would make him an accomplice. The court in—

structs you that the testimony of an accomplice comes from a polluted source and that while the rule of law is, that a defendant may be convicted on the uncorroborated testimony of an accomplice, where the honest judgment is satisfied beyond a doubt, still a jury should act upon such testimony with great care and caution and subject it to careful examination in the light of other evidence in the case, and the jury should not convict upon such testimony alone unless, after careful examination of it, they are satisfied beyond all reasonable doubt of its truth. *In many, if not in most cases, the evidence of an accomplice, uncorroborated in material matters will not satisfy the honest judgment beyond a reasonable doubt, and it is clearly insufficient to authorize a verdict of guilty. Where an accomplice has been impeached by showing that he has testified differently at some other time with reference to the facts in issue, then in such a case the jury cannot convict upon his uncorroborated testimony. And if you find that the witness Judd Wilson has testified concerning the facts in issue in this case differently at another time from his testimony in this case, then you cannot find the defendant guilty upon his uncorroborated testimony.* The corroboration that the law requires for the testimony of an accomplice ought to be sufficient to satisfy the jury of the truth of the accomplice's testimony, and the corroboration must be as to some fact connecting the defendant with the commission of the offense, and it is not sufficient if it merely shows the offense was committed and the circumstances thereof."

The court gave the instruction as requested, omitting the part we have italicized. It is said:

"The instruction asked for was approved by our court in *State v. Pearson*, 37 Wash. 405, 79 Pac. 985, and the case was reversed and sent back for a new trial because the requested instruction was not given."

It is true that the words stricken from the requested instruction were contained in the instruction quoted in the *Pearson* case, but we did not there hold that the instruction requested contained a statement of a hard and fast rule of law, nor did we approve the form of it. The real question before the court was whether a conviction could be had on the

10—53 WASH.

uncorroborated testimony of an accomplice, and whether any instruction upon that subject had been given. We held that no such instruction had been given, and that the instruction requested, or one substantially in that form, should have been given. The instruction complained of states the law, and when this appears, this court will not compare the instruction given by the court with a requested instruction on the same subject, for the form of the instruction has been repeatedly held by us to be immaterial. This is elementary, and needs no citation of authority.

Finally, it is urged that the court erred in overruling appellant's motion for a new trial. The only ground for a new trial not already discussed is that the evidence is insufficient to sustain the verdict. We have read the record and find abundant evidence, if believed by the jury, to sustain the conviction.

Finding no reversible error in the record, the judgment of the lower court is affirmed.

RUDKIN, C. J., CROW, PARKER, FULLERTON, GOSE, and DUNBAR, JJ., concur.