[No. 17876.  Department One.  April 3, 1924.]

THE STATE OF WASHINGTON, *Respondent*, v. AUGUST TROIANI, *Appellant*.[1]

CRIMINAL LAW (296)—TRIAL—INSTRUCTIONS—TESTIMONY OF AC-COMPLICES. It is not reversible error to refuse a cautionary instruction as to the testimony of an accomplice, who was corroborated by at least six other witnesses.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered November 9, 1922, upon a trial and conviction of being a jointist. Affirmed.

*King & Kerr* and *Jos. A. Albi*, for appellant.

*Chas. H. Leavy, M. R. Morton*, and *Edward M. Connelly*, for respondent.

[1]Reported in 224 Pac. 388.

PER CURIAM.—Appellant was convicted of being a jointist and claims that the trial court was in error in failing to give the following requested instruction:

"I charge you that the testimony of an accomplice comes from a polluted source, and that while the rule of law is that a defendant may be convicted on the uncorroborated testimony of an accomplice, where the honest judgment is satisfied beyond a reasonable doubt, still a jury should act upon such testimony with great care and caution and subject it to careful examination in the light of other evidence in the case. The jury should not convict upon such testimony alone unless after careful examination of it they are satisfied beyond all reasonable doubt of its truth."

Conceding that the witness referred to was an accomplice, his testimony was corroborated by the testimony of at least half a dozen other witnesses, and while the instruction was a proper one to have given, and is a necessary one probably where the accomplice's testimony is uncorroborated (*State v. Pearson,* 37 Wash. 405, 79 Pac. 985; *State v. Jones,* 53 Wash. 142, 101 Pac. 708; *State v. Stapp,* 65 Wash. 438, 118 Pac. 337), yet the failure to give the instruction was not prejudicial. *State v. Simpson,* 119 Wash. 653, 206 Pac. 561. The rule is stated generally in 1 R. C. L. 172, as follows:

"Whatever the rule of practice on this subject, the failure or refusal of the court to give cautionary instructions will not, it seems, constitute reversible error where there is evidence corroborative of the testimony of an accomplice."

Two other errors are assigned in regard to instructions given, but without discussing them it is sufficient to say that we find no merit in the assignments.

Judgment affirmed.