[No. 11447–6–I. Division One. May 16, 1983.]

THE STATE OF WASHINGTON, *Respondent*, v. CARL PERRY HARRIS, *Appellant*.

*Michael Filipovic* of *Seattle–King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Marilyn Nowogroski, Deputy,* for respondent.

CORBETT, J.—Defendant, Carl Perry Harris, appeals his judgment and sentence for first degree robbery and revocation of his probation on a prior conviction. The cases have been consolidated on appeal. We affirm.

At trial, the State presented the testimony of the victim and several eyewitnesses, including three codefendants who testified after pleading guilty pursuant to a plea bargain. The basic facts of the crime were undisputed. Two female codefendants lured an intoxicated man to a darkened area of the Pike Place Market. While the defendant held a gun, the male codefendant took the victim's money. The defense was diminished capacity due to long–term use of drugs and alcohol, coupled with heavy use the day of the robbery. Defendant testified that he remembered little of the robbery incident and did not recall earlier discussions where he and his codefendants planned the robbery. Conflicting views concerning the defendant's mental condition were presented by a defense psychologist and a State psychiatrist.

Defendant moved in limine and at trial to exclude evidence of a prior felony conviction for possession of stolen

property.[1] The trial court admitted the conviction for impeachment purposes under ER 609(a)(2) as a crime involving dishonesty or false statement. Defendant assigns error to this ruling, relying upon *State v. Zibell*, 32 Wn. App. 158, 646 P.2d 154 (1981).

The diversity of opinion concerning the meaning and wisdom of ER 609 has recently filled the appellate courts and occupied the time of the commentators. The majority in *Zibell* stated that crimes of dishonesty or false statement are limited to ""a narrow subset of crimes"—those that bear *directly* upon the accused's propensity to testify truthfully'", and held that possession of stolen property is not such within the meaning of ER 609(a)(2). *Zibell*, at 164. *But cf. State v. Burton*, 33 Wn. App. 417, 655 P.2d 259 (1982) (theft is a crime of dishonesty within the meaning of ER 609(a)(2)).

Admission of prior convictions under ER 609 presents an evidentiary question which is not of constitutional magnitude. *State v. Jones*, 33 Wn. App. 372, 377, 656 P.2d 510 (1982). The trial court's ruling is subject to reversal only if prejudicial. "[E]rror is not prejudicial unless, within reasonable probabilities, had the error not occurred, the outcome of the trial would have been materially affected." *State v. Cunningham*, 93 Wn.2d 823, 831, 613 P.2d 1139 (1980). Our careful review of the record indicates that the evidence of defendant's guilt was overwhelming. The existence of the prior conviction did not rebut the defense of diminished capacity. It was this defense (a form of confession and avoidance) that the jury rejected when it found the defendant guilty. We conclude that even if admitting the conviction was error, the defendant was not prejudiced thereby.

Defendant also assigns error to the trial court's refusal to give a cautionary instruction on the nature of

---

[1]Defendant also moved to exclude a prior misdemeanor conviction for false reporting. The trial court admitted the conviction under ER 609(a)(2). Defendant does not challenge this portion of the court's ruling.

accomplice testimony.[2] Such an instruction is mandatory only where the accomplice's testimony is uncorroborated. *State v. Gross*, 31 Wn.2d 202, 216, 196 P.2d 297 (1948); *State v. Willoughby*, 29 Wn. App. 828, 831, 630 P.2d 1387 (1981), *overruled on other grounds in State v. McKim*, 98 Wn.2d 111, 653 P.2d 1040 (1982). It is not necessary that the accomplice be corroborated in every part of his testimony or that corroboration extend to all elements of the offense. If the accomplice is corroborated as to some element or fact, the jury may properly infer that he has testified truthfully even as to matters not corroborated. *State v. Gross, supra* at 217.

The key issue in this case was diminished capacity. The accomplices testified that they spent most of the day with the defendant and that none of them consumed large quantities of drugs or alcohol. This testimony was substantially corroborated by the arresting officers, who testified that they neither smelled alcohol on the defendant nor observed any difficulty with his stability, coordination, physical condition or verbal abilities. The accomplices testified that immediately after his apprehension, the defendant tried to throw away the purse containing the gun. This was corroborated by a security guard. Testimony by the accomplices that the defendant pointed the gun at the victim was corroborated by the victim. Defendant's conduct of running rapidly from the scene was not only evidence of his present physical capability; it was also some evidence of his consciousness of guilt. *State v. Bundy*, 21 Wn. App. 697, 701, 587 P.2d 562 (1978). In short, there was substantial corroboration of the accomplices' testimony that the

---

[2]Defendant proposed WPIC 6.05, which reads:

"The testimony of an accomplice, given on behalf of the plaintiff, should be subjected to careful examination in the light of other evidence in the case, and should be acted upon with great caution. You should not find the defendant guilty upon such testimony alone unless, after carefully considering the testimony, you are satisfied beyond a reasonable doubt of its truth."

defendant knowingly participated in the execution of the robbery. The trial court did not err in refusing defendant's accomplice instruction.

In addition to convicting the defendant of first degree robbery, the jury returned special verdicts that the defendant was armed with a deadly weapon which was a firearm, pursuant to RCW 9.95.040 and RCW 9.41.025, respectively.[3] Defendant contends that application of the deadly weapon and firearm statutes offends the double jeopardy clauses of the state and federal constitutions because use of a deadly weapon or firearm is also an element of the underlying offense of first degree robbery.

■ The double jeopardy clause protects one against multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 719, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1969); *State v. Claborn,* 95 Wn.2d 629, 637, 628 P.2d 467 (1981). The special verdicts do not create multiple punishments for the same offense because RCW 9.41.025 and RCW 9.95.040 neither increase the maximum penalty nor create separate criminal offenses. *State v. Turner,* 29 Wn. App. 282, 291, 627 P.2d 1324 (1981); *State v. Mitchell,* 32 Wn. App. 499, 502, 648 P.2d 456 (1982). They merely limit the discretion of the trial court and the parole board in setting minimum sentences. *State v. Claborn, supra; State v. Adlington–Kelly,* 95 Wn.2d 917, 923, 631 P.2d 954 (1981). Penalty enhancement by these statutes did not place the defendant twice in jeopardy under either the state or federal constitutions. *State v. Harvey,* 34 Wn. App. 737, 664 P.2d 1281 (1983), and cases cited therein.

There being no error in entry of the judgment and sentence for first degree robbery, the court properly revoked probation on the prior conviction.

---

[3]Relying on principles of statutory construction, *State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978) held that the former version of the firearm enhancement statute, RCW 9.41.025, could not be applied to a first degree robbery conviction. The statute has since been amended (Laws of 1981, ch. 258, § 1), and now specifically applies to first degree robbery. *Workman* expressly approved application of the deadly weapon statute to first degree robbery.

654

Affirmed.

ANDERSEN, C.J., and SCHOLFIELD, J., concur.

Reconsideration denied July 15, 1983.

Review granted by Supreme Court October 7, 1983.