[No. 49849-1. En Banc. June 28, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. CARL PERRY HARRIS, *Petitioner.*

*Michael Filipovic* of *Seattle–King County Public Defender Association,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Marilyn Nowogroski, Deputy,* for respondent.

UTTER, J.—This petition presents three questions: whether a cautionary accomplice jury instruction is required in all cases in which the State relies on accomplice testimony; whether admission of a prior felony conviction

for possession of stolen property is error under ER 609(a) in a prosecution for first degree robbery; and whether RCW 9.95.040 and RCW 9.41.025 violate the double jeopardy clause of Const. art. 1, § 9? We conclude that a cautionary accomplice jury instruction is required whenever the prosecution relies solely on accomplice testimony but that failure to give such an instruction is not reversible error where there is a sufficient corroborating testimony; that admission of a prior felony conviction for possession of stolen property in a prosecution for first degree robbery is error under ER 609(a)(2) and may also be error under ER 609(a)(1), but that such error was harmless in this case; and that RCW 9.95.040 and RCW 9.41.025 do not violate the double jeopardy clause. Accordingly, we affirm the judgment of the court below.

Petitioner, Carl Perry Harris, was charged with the crime of robbery in the first degree.[1] On October 17, 1981, petitioner participated in a robbery with three codefendants. Petitioner's three codefendants testified against him at trial after pleading guilty pursuant to a plea bargain. The facts elicited from these codefendants established that Harris and they had planned the robbery earlier that day; that the two female codefendants had lured the victim into a darkened area of the Seattle Pike Place Market; and that petitioner had held a gun on the victim while the male codefendant took the victim's money.

Petitioner did not dispute his participation in the robbery or the basic facts testified to by his codefendants. His defense was one of diminished capacity which he testified was due to his longtime use of drugs and alcohol, combined with his heavy use of a varied quantity of intoxicating substances on the day of the robbery. His codefendants contradicted this testimony. Each testified that petitioner was

---

[1]RCW 9A.56.200 provides in pertinent part:
"(1) A person is guilty of robbery in the first degree if in the commission of a robbery or of immediate flight therefrom, he:
"(a) Is armed with a deadly weapon; . . ."

neither physically nor mentally impaired at the time of the robbery. One testified that the petitioner had not taken any intoxicant on the day of the robbery, while the other two testified that he had, at most, shared a marijuana cigarette with them. They further testified that petitioner had had the presence of mind to throw away the purse, which contained the gun used in the crime, while fleeing from the scene. Additional witnesses corroborated the substance of the codefendants' testimony regarding petitioner's mental state.

Petitioner made a motion in limine and at trial to exclude evidence of a prior felony conviction for possession of stolen property. The trial court admitted the conviction for impeachment under ER 609(a)(2) as a crime involving dishonesty or false statement. In addition, the trial court refused to give petitioner's requested jury instruction on accomplice testimony, WPIC 6.05.[2]

Petitioner was convicted of robbery in the first degree, as a consequence of which his probation for a prior conviction of possession of stolen property was revoked. Petitioner was sentenced to a 20–year prison term for the robbery which included a minimum 7½–year term for his use of a deadly weapon. He was also sentenced to a 5–year concurrent term of imprisonment for his prior conviction of possession of stolen property.

He appealed this conviction to the Court of Appeals. There, he argued that the trial court committed reversible error by admitting the prior conviction and by failing to give the accomplice instruction. He further charged that application of the deadly weapon and firearm statutes to enhance his sentence offends the double jeopardy clause of the United States and Washington Constitutions because

---

[2]WPIC 6.05 provides:

"The testimony of an accomplice, given on behalf of the plaintiff, should be subjected to careful examination in the light of other evidence in the case, and should be acted upon with great caution. You should not find the defendant guilty upon such testimony alone unless, after carefully considering the testimony, you are satisfied beyond a reasonable doubt of its truth."

use of a deadly weapon or firearm is also an element of the underlying offense of first degree robbery.

The Court of Appeals affirmed, *State v. Harris,* 34 Wn. App. 649, 663 P.2d 854 (1983), relying on the accomplice instruction case of *State v. Gross,* 31 Wn.2d 202, 196 P.2d 297 (1948) and the nonconstitutional harmless error standard of *State v. Cunningham,* 93 Wn.2d 823, 613 P.2d 1139 (1980). We accepted review to clarify the law regarding accomplice instructions and to apply to this case the recent decisions of *State v. Burton,* 101 Wn.2d 1, 676 P.2d 975 (1984) and *State v. Jones,* 101 Wn.2d 113, 677 P.2d 131 (1984).

I

In *State v. Gross, supra,* this court considered the question whether a cautionary instruction is mandatory whenever accomplice testimony is relied upon by the prosecution. There we stated:

> [W]hile a defendant may be convicted on the uncorroborated testimony of an accomplice, provided that all the evidence and circumstances in the case satisfy the honest judgment beyond a reasonable doubt of the defendant's guilt, nevertheless the trial court should carefully caution the jury, in such cases, in the matter of weighing uncorroborated testimony, and should warn it against a conviction on such testimony; and the failure to give such instruction on request, where the testimony is uncorroborated, may constitute reversible error.
>
> It is to be noted that this rule requiring the giving of a cautionary instruction applies only where the testimony of an accomplice is uncorroborated, and not where the testimony of such witness is corroborated by other evidence in the case.

(Citations omitted.) *Gross,* at 216. Because the accomplice's testimony in *Gross* was corroborated by other evidence, we held that the trial court's refusal to give the instruction was not error. Petitioner argues that our more recent case of *State v. Carothers,* 84 Wn.2d 256, 525 P.2d 731 (1974) has overruled *Gross.*

■ *Carothers* addressed the issue of whether the stand-

ard instruction on accomplice testimony adequately cautioned the jury in assessing this testimony. We found the standard instruction adequate and rejected the Court of Appeals holding that the instruction was an unconstitutional comment on the evidence. We then stressed the importance of cautionary accomplice instructions:

> Far from being superfluous or objectionable, a cautionary instruction is mandatory if the prosecution relies upon the testimony of an accomplice. A conviction may rest solely upon the uncorroborated testimony of an accomplice *only* if the jury has been sufficiently cautioned by the court to subject the accomplice's testimony to careful examination and to regard it with great care and caution. . . .
>
> . . . We adhere, therefore, to the rule that a cautionary instruction is proper where accomplice testimony is relied upon by the prosecution.

(Footnote and citations omitted.) *Carothers,* at 269–70. *Carothers* stresses this court's often repeated concern over accomplice testimony and the need to caution jurors regarding its questionable reliability. *State v. Badda,* 63 Wn.2d 176, 181, 385 P.2d 859 (1963); *State v. Troiani,* 129 Wash. 228, 224 P. 388 (1924); *State v. Jones,* 53 Wash. 142, 101 P. 708 (1909); *State v. Pearson,* 37 Wash. 405, 79 P. 985 (1905). The confusion here results from both the *Gross* and *Carothers* courts' imprecise statement of a rule set forth by this court many years ago. Where the testimony of an accomplice is uncorroborated, a cautionary instruction must be given, *State v. Troiani, supra* at 229; *State v. Pearson, supra* at 415. Yet, where the accomplice testimony is corroborated by independent evidence, failure to give the instruction may not be error. The court will first look to whether the failure to give the instruction prejudiced the defendant before making this determination. *Troiani,* at 229. *Gross* and *Carothers* are both susceptible to contrary interpretations. To the extent that *Gross* implies that failure to give a cautionary instruction in cases where the accomplice testimony is wholly uncorroborated may not be reversible error, it is disapproved. To the extent that *Caro-*

*thers* implies that it is error not to give a cautionary instruction, even where accomplice testimony is substantially corroborated, it is disapproved.

Yet, even this clarification of the rules regarding accomplice testimony is insufficient here, for this case requires us to determine the extent of corroboration necessary to save the defendant from prejudice in the absence of a cautionary instruction. While the majority of courts have held that it is *preferable* to give a cautionary jury instruction whenever the prosecution introduces accomplice testimony, *State v. Moore,* 229 Kan. 73, 622 P.2d 631 (1981), and have held the failure to give a cautionary instruction reversible error when such testimony is wholly uncorroborated, *see, e.g., United States v. Bernard,* 625 F.2d 854 (9th Cir. 1980); *cf. United States v. Slocum,* 695 F.2d 650 (2d Cir. 1982), *cert. denied,* 460 U.S. 1015 (1983) (error only reversible where defendant has suffered "substantial prejudice"), the courts have differed regarding the circumstances under which failure to give a cautionary instruction constitutes reversible error where there is some corroboration. Some federal courts look to whether the accomplice testimony supplied the only strong evidence of guilt, *United States v. Moore,* 700 F.2d 535 (9th Cir. 1983), while others are satisfied if aspects of the testimony are corroborated, *United States v. Wright,* 573 F.2d 681 (1st Cir.), *cert. denied,* 436 U.S. 949, 56 L. Ed. 2d 792, 98 S. Ct. 2857 (1978), and one court has broadly stated that it is reversible error not to give a requested accomplice instruction even where substantial corroboration exists. *United States v. Leonard,* 494 F.2d 955 (D.C. Cir. 1974).

State courts have differed along the same lines. In *State v. Blazak,* 114 Ariz. 199, 560 P.2d 54 (1977), the Arizona Supreme Court held that when accomplice testimony is sufficiently corroborated by independent evidence, the failure to give a cautionary instruction is not reversible error. In contrast, the Alaska courts will reverse for failure to instruct if they determine the conviction was substantially obtained through the use of accomplice testimony. The

persuasiveness of corroborating evidence is scrutinized more carefully under this approach. *Anthony v. State,* 521 P.2d 486 (Alaska 1974); *Price v. State,* 647 P.2d 611 (Alaska Ct. App. 1982).

Petitioner urges us to adopt the approach recently set forth by the Kansas Supreme Court in *State v. Moore, supra.* We disagree with petitioner's assertion that *Moore* stands for the proposition that a cautionary instruction is mandatory whenever accomplice testimony is used. *Moore* holds only that it is a "better practice" to give the instruction and that failure to do so "may" constitute error. The *Moore* court looked to the extent and importance of the accomplice testimony and the extent to which the testimony was corroborated by testimonial, documentary and circumstantial evidence. After considering these factors, the court held that the failure to instruct was not prejudicial because, even though "the accomplice testimony was not corroborated fully and completely in each and every detail, . . . there was a substantial amount of corroboration." *Moore,* at 81.

The *Moore* court's reasoning is persuasive. We hold: (1) it is always the better practice for a trial court to give the cautionary instruction whenever accomplice testimony is introduced; (2) failure to give this instruction is always reversible error when the prosecution relies *solely* on accomplice testimony; and (3) whether failure to give this instruction constitutes reversible error when the accomplice testimony is corroborated by independent evidence depends upon the extent of corroboration. If the accomplice testimony was substantially corroborated by testimonial, documentary or circumstantial evidence, the trial court did not commit reversible error by failing to give the instruction.

Here, petitioner did not deny committing the robbery, but relied upon a diminished capacity defense which was contradicted by his three codefendants.

As the Court of Appeals noted:

The accomplices testified that they spent most of the day with the [petitioner] and that none of them consumed large quantities of drugs or alcohol. This testimony was substantially corroborated by the arresting officers, who testified that they neither smelled alcohol on the [petitioner] nor observed any difficulty with his stability, coordination, [or speech]. The accomplices testified that immediately after his apprehension, the [petitioner] tried to throw away the purse containing the gun. This [testimony] was corroborated by a security guard. Testimony by the accomplices that the [petitioner] pointed the gun at the victim was corroborated by the victim. [Petitioner's] conduct of running rapidly from the scene was not only evidence of his present physical capability; it was also some evidence of his consciousness of guilt.

*State v. Harris, supra* at 652. The Court of Appeals was correct in holding that the accomplices' testimony regarding petitioner's ability to form the requisite mental state was substantially corroborated. There was no error committed by failing to give the cautionary instruction in this case.

## II

At trial, the court admitted petitioner's prior conviction for possession of stolen property for impeachment purposes under ER 609(a)(2). The Court of Appeals assumed that the admission of this evidence was error, but held it harmless under the nonconstitutional standard of *State v. Cunningham, supra.*

ER 609(a) provides:

For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross examination but only if the crime (1) was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

In *State v. Burton*, 101 Wn.2d 1, 676 P.2d 975 (1984), this court set forth a narrow definition of crimes falling

within ER 609(a)(2). There, we cited with approval a recent Court of Appeals case which held that possession of stolen property is not a crime involving dishonesty within the meaning of ER 609(a)(2). *Burton,* at 5, citing *State v. Zibell,* 32 Wn. App. 158, 646 P.2d 154 (1982). "[C]rimes of 'dishonesty' include only those crimes which contain elements in the nature of *crimen falsi* and which bear *directly* on a defendant's propensity for truthfulness." *Burton,* at 7.

Under *Burton* and *Zibell,* the trial court clearly erred in finding petitioner's prior conviction evidence of dishonesty under ER 609(a)(2). Although the court might have found defendant's prior conviction sufficiently probative of credibility under ER 609(a)(1) to outweigh its prejudicial impact, *State v. Thompson,* 95 Wn.2d 888, 632 P.2d 50 (1981), we need not determine here whether such a finding would have been correct because the trial court's error in admitting the prior conviction under ER 609(a)(2) was harmless.[3]

■■ In *State v. Jones,* 101 Wn.2d 113, 677 P.2d 131 (1984), this court specifically adopted the constitutional standard of *Chapman v. California,* 386 U.S. 18, 24, 17 L. Ed. 2d 705, 87 S. Ct. 824, 24 A.L.R.3d 1065 (1967) and *State v. Stephens,* 93 Wn.2d 186, 191, 607 P.2d 304 (1980), for determining whether error under ER 609(a)(1) is harmless. *Jones,* at 125. The rationale for adopting this standard, that application of the statute "has a direct effect on a defendant's constitutional right to testify in his own defense", *Jones,* at 124, is equally applicable to ER 609(a)(2). Two tests are available for determining whether error is harmless beyond a reasonable doubt. One is the

---

[3]As counsel argued this case prior to the filing of our decision in *State v. Rhoads,* 101 Wn.2d 529, 681 P.2d 841 (1984), they were under the misimpression that *State v. Jones,* 101 Wn.2d 113, 677 P.2d 131 (1984) applied retroactively to this case. In *Jones,* we set forth the requirement that the trial court state for the record its reasons for finding a prior conviction more probative than prejudicial under ER 609(a)(1). At argument, the State asked us to remand to enable the trial court to fulfill this requirement. Because *Rhoads* specifically held this requirement not retroactive and because we find admission of the prior conviction harmless, remand is unnecessary.

"contribution test"; the other is the "overwhelming evidence test." These tests have been discussed extensively in recent opinions of this court. *See State v. Jones, supra; State v. Belmarez,* 101 Wn.2d 212, 676 P.2d 492 (1984); *State v. Johnson,* 100 Wn.2d 607, 674 P.2d 145 (1983); *State v. Evans,* 96 Wn.2d 1, 5–10, 633 P.2d 83 (1981) (Brachtenbach, C.J., concurring). The "contribution test" directs the appellate court to look only at the tainted evidence and determine whether it might have influenced the fact finder's verdict. The "overwhelming evidence test" directs the appellate court to consider all of the evidence against the defendant and determine whether it is so overwhelming that it necessarily leads to a finding of guilt. Under each test, the error here was harmless.

Petitioner did not contest his participation in the robbery but rather limited his defense to that of diminished capacity. The prior conviction was used to impeach petitioner's credibility regarding this issue alone. Here, the evidence contradicting petitioner's defense was so strong that the jury had no need to consider the prior conviction. At most, it was cumulative of other abundant impeaching evidence. *See Johnson,* at 622. In addition, the prior conviction did not bear a direct similarity to the crime charged, *State v. Pam,* 98 Wn.2d 748, 659 P.2d 454 (1983) (Utter, J., concurring), "[n]or were the number of convictions introduced exceedingly large or cumulative." *State v. Jones, supra* at 125–26.

### III

Petitioner next claims that RCW 9.41.025 and RCW 9.95.040 violate the double jeopardy clause because they punish a criminal defendant twice for the same conduct. The double jeopardy clause protects defendants against multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1969). Here, petitioner was convicted of robbery in the first degree, RCW 9A.56.200, while armed with a deadly weapon, RCW 9.95.040, which deadly weapon was also a

firearm, RCW 9.41.025.

RCW 9.95.040 limits the Board of Prison Terms and Paroles discretion regarding the duration of a prisoner's confinement when that prisoner is convicted of committing a crime while armed with a deadly weapon.[4] RCW 9.95.040 neither imposes additional punishment nor creates a separate criminal offense. *State v. Claborn,* 95 Wn.2d 629, 637, 628 P.2d 467 (1981). We have specifically stated that this statute may be invoked in first degree robbery cases. *State v. Workman,* 90 Wn.2d 443, 457, 584 P.2d 382 (1978).

RCW 9.41.025 imposes an additional sentence for certain crimes when they are committed with a firearm.[5] Robbery

---

[4] RCW 9.95.040 provides, in pertinent part:

"Within six months after the admission of a convicted person to the penitentiary, reformatory, or such other state penal institution as may hereafter be established, the board of prison terms and paroles shall fix the duration of his confinement. The term of imprisonment so fixed shall not exceed the maximum provided by law for the offense of which he was convicted or the maximum fixed by the court where the law does not provide for a maximum term.

"The following limitations are placed on the board of prison terms and paroles with regard to fixing the duration of confinement in certain cases, notwithstanding any provisions of law specifying a lesser sentence, to wit:

". . .

"(2) For a person previously convicted of a felony either in this state or elsewhere and who was armed with a deadly weapon at the time of the commission of his offense, the duration of confinement shall not be fixed at less than seven and one-half years."

[5] RCW 9.41.025 provides, in pertinent part:

"Any person who shall commit or attempt to commit any felony, including but not limited to assault in the first degree, rape in the first degree, burglary in the first degree, robbery in the first degree, riot, or any other felony which includes as an element of the crime the fact that the accused was armed with a firearm, or *any misdemeanor or gross misdemeanor* categorized herein as inherently dangerous, while armed with, or in the possession of any firearm, shall upon conviction, *in addition to the penalty provided by statute for the crime committed* without use or possession of a firearm, be imprisoned as herein provided:

". . .

"(2) For a second offense, or if, in the case of a first conviction of violation of *any provision of this section,* the offender shall previously have been convicted of violation of the laws of the United States or of any other state, territory, or district relating to the use or possession of a firearm while committing or attempting to commit a crime, the offender shall be imprisoned for not less than seven and one-half years, which sentence shall not be suspended or deferred;" (Italics ours.)

in the first degree is specifically covered by RCW 9.41.025. It does not create a separate criminal offense, *State v. Claborn, supra* at 637, or impose a multiple punishment for the same offense.

Petitioner recognizes that his double jeopardy claim is no longer valid under the United States Constitution due to the recent Supreme Court case of *Missouri v. Hunter,* 459 U.S. 359, 74 L. Ed. 2d 535, 103 S. Ct. 673 (1983). In *Hunter,* the Court considered a case where the defendant had been convicted both of robbery in the first degree and of armed criminal action. Both crimes resulted from the same incident. Defendant was sentenced to concurrent terms of 10 years' imprisonment for the robbery and 15 years for the armed criminal action. He protested that the concurrent sentences violated double jeopardy. The Supreme Court disagreed and held that double jeopardy does not forbid the imposition, in a single trial, of cumulative punishments.

> Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct under *Blockburger* [*v. United States,* 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180 (1932)], a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.

459 U.S. at 368–69. Under *Hunter,* neither RCW 9.95.040 nor RCW 9.41.025 violate the double jeopardy clause of U.S. Const. amend. 5.

Petitioner urges this court to adopt a more restrictive approach under the Washington State Constitution. The only authority cited by petitioner for this proposition is *In re Shull,* 23 Cal. 2d 745, 146 P.2d 417 (1944). *Shull* is distinguishable, for it dealt with a judicial interpretation of the Legislature's purpose in enacting a deadly weapon statute. The intent of the Legislature in this case is clear. The Washington state guaranty against double jeopardy, Const. art. 1, § 9, has traditionally been given the same interpre-

tation as the comparable provision of U.S. Const. amend. 5. Petitioner has offered no persuasive authority or argument to cause us to depart from the Supreme Court's interpretation, on Washington state constitutional grounds, in this case.

The judgment is affirmed.

WILLIAMS, C.J., and ROSELLINI, STAFFORD, BRACHTENBACH, DOLLIVER, DORE, DIMMICK, and PEARSON, JJ., concur.