IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | | |
|---|---|---|---|
| STATE OF WASHINGTON, | ) | No. 72432-1-I | |
| | ) | | |
| Respondent, | ) | | |
| | ) | DIVISION ONE | |
| v. | ) | | |
| | ) | | |
| SAMUEL OSCAR GONZALEZ, | ) | UNPUBLISHED OPINION | |
| | ) | | |
| Appellant. | ) | FILED: November 24, 2014 | |
| | ) | | |

BECKER, J. — The appellant was convicted in part on the testimony of his accomplice. Because the accomplice testimony was substantially corroborated by other evidence, defense counsel did not provide deficient representation by failing to request the cautionary instruction for accomplice testimony.

Appellant Samuel Gonzalez was convicted of five counts of kidnapping, three counts of robbery in the first degree, three counts of rape in the first degree, and one count of criminal impersonation. The convictions arose from his involvement in two robberies and an attempted robbery of fast-food restaurants in Pierce County on October 4, October 24, and November 1, 2009. In each incident, the same method was used. Two men would scope out a fast-food restaurant just before it closed. They would wait until the person they believed to be the manager would leave the building and drive away. They would then impersonate police officers and make a fraudulent traffic stop of the manager's

vehicle, using fake emergency lights resembling those installed in law enforcement vehicles. The manager would then be kidnapped, driven back to the fast-food restaurant, and forced to provide access to the restaurant's safe. The robbers obtained cash from two restaurants using this scheme. At the third restaurant, the robbers mistook an employee for the manager when she and her fiancé drove away from the parking lot on November 1, 2009. After making a fraudulent traffic stop, they handcuffed the male and placed him in the trunk of his car. Once they realized that the female employee could not unlock the restaurant where they had seen her working, one of the robbers drove her into a wooded area and raped her three times.

During their investigation, law enforcement officers received information from Jeffrey Lundberg. Lundberg implicated himself in the robberies and identified Gonzalez as his accomplice. Lundberg made a plea bargain. At trial, Lundberg testified against Gonzalez.

Gonzalez received a sentence of 720 months to life.

On appeal, Gonzalez claims he received ineffective assistance of counsel and that the evidence was insufficient. He also alleges sentencing error.

A defendant's right to effective assistance of counsel is guaranteed by the Sixth Amendment to the United States Constitution as well as article I, section 22 of the Washington Constitution. State v. Hendrickson, 129 Wn.2d 61, 77, 917 P.2d 563 (1996), citing Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To succeed on an ineffective assistance of counsel claim, the defendant must first establish that trial counsel's performance

2

was deficient. In this assessment, the appellate court will presume the defendant was properly represented. The defendant must next show that counsel's deficient performance prejudiced him. Prejudice is shown when there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different. Hendrickson, 129 Wn.2d at 77-78.

Gonzalez claims he was denied access to effective counsel because his attorney did not ask the court to give the standard cautionary instruction concerning accomplice testimony:

> Testimony of an accomplice, given on behalf of the State, should be subjected to careful examination in the light of other evidence in the case, and should be acted upon with great caution. You should not find the defendant guilty upon such testimony alone unless, after carefully considering the testimony, you are satisfied beyond a reasonable doubt of its truth.

See 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 6.05, at 184 (3d ed. 2008) (WPIC).

WPIC 6.05 is mandatory only when the State's case-in-chief rests *solely* upon uncorroborated accomplice testimony. WPIC 6.05, cmt. at 184, citing State v. Willoughby, 29 Wn. App. 828, 630 P.2d 1387, review denied, 96 Wn.2d 1018 (1981). "Whether failure to give this instruction constitutes reversible error when the accomplice testimony is corroborated by independent evidence depends upon the extent of corroboration." State v. Harris, 102 Wn.2d 148, 155, 685 P.2d 584 (1984), overruled on other grounds by State v. McKinsey, 116 Wn.2d 911, 914, 810 P.2d 907 (1991). "When substantial corroborating evidence exists, the instruction need not be given." WPIC 6.05, cmt. at 184, citing Harris, 102 Wn.2d at 155.

3

Gonzalez contends that at least with respect to the first two robberies, Lundberg's testimony was not substantially corroborated. He argues that if the jury had been cautioned to consider Lundberg's testimony carefully, there is a reasonable probability that they would not have found it believable and the trial would have had a different outcome.

The record demonstrates that Lundberg's testimony was substantially corroborated by other evidence. Lundberg testified that Gonzalez told him that the information used to plan and commit the first robbery was obtained by Gonzalez from a girl friend who formerly worked there. This was corroborated by the manager who testified that Gonzalez' girl friend was a former employee and that Gonzalez had been at the restaurant before the robbery. Lundberg also testified that Gonzalez owned a set of lights which resembled the emergency lights used by law enforcement in Pierce County. This, too, was corroborated by the manager's testimony, which confirmed that she thought she saw police lights behind her car as she drove home.

As to the second robbery, Lundberg testified that he and Gonzalez were waiting near the restaurant in Gonzalez's black sports utility vehicle. He testified that when the manager and her son drove away, he and Gonzalez followed them and pulled them over using fake emergency lights. His account of how this encounter occurred was corroborated by the testimony of the manager and her son. The police also obtained video footage of a vehicle resembling Gonzalez's car at the place where the fake traffic stop occurred.

Because Lundberg's testimony was substantially corroborated by other witnesses and physical evidence, Gonzalez was not entitled to a cautionary instruction based on WPIC 6.05. Therefore counsel's failure to request the instruction cannot be considered deficient performance.

Gonzalez also claims insufficiency of the evidence. He contends that the evidence presented at trial was insufficient to secure a conviction on all counts because Lundberg's testimony cannot be considered.

Because this is a sufficiency challenge, we draw all reasonable inferences from the evidence in favor of the State. State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). The jury was entitled to consider Lundberg's testimony. With his testimony, the evidence was sufficient to inculpate Gonzalez for all of the crimes.

Gonzalez also claims sentencing error. He contends the court should have counted the three rape offenses as the same criminal conduct for the purpose of calculating his offender score.

Crimes constitute the same criminal conduct when they require the same criminal intent, are committed at the same time and place, and involve the same victim. State v. Graciano, 176 Wn.2d 531, 536, 295 P.3d 219 (2013). Since determinations of fact are critical when deciding whether crimes involve the same time, place, and victim, "we have repeatedly observed that a court's determination of same criminal conduct will not be disturbed unless the sentencing court abuses its discretion or misapplies the law." Graciano, 176 Wn.2d at 536. Because a finding of same criminal conduct favors the defendant,

it is the defense who must establish the crimes constitute the same criminal conduct. Graciano, 176 Wn.2d at 539.

The first rape happened in the victim's car. The next two rapes, which occurred outside the vehicle, included one act of oral-penile rape and one act of penile-vaginal rape. Gonzalez repositioned the victim between each act. Under these circumstances, the trial court acted within its discretion to find that the three rapes were not the same criminal conduct. The evidence was sufficient to show that each act of rape was accompanied by a new objective intent. See State v. Grantham, 84 Wn. App. 854, 858-61, 932 P.2d 657 (1997).

In a statement of additional grounds for review, Gonzalez calls attention to the fact that one of the robbery victims testified that one of the robbers was wearing a hat labelled "cops," whereas the court admitted into evidence a hat labelled "police." Both items of evidence were relevant to the accusation that the robbers were pretending to be police. The discrepancy goes to the weight of the evidence, not its admissibility, and does not provide a basis for review.

Affirmed.

Becker, J.

WE CONCUR:

Leach, J.

Dwyer, J.

6